**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RONALD VOREL                          :
                                      :
v.                                    :    Civil No. WMN-07-0689
                                      :
MERRITT HOSPITALITY, LLC              :
                                      :
                                      :

**MEMORANDUM**

Before the Court is the motion of Defendant Merritt
Hospitality, LLC to dismiss the Complaint pursuant to Fed. R.
Civ. P. 12(b)(6).  Paper No. 8.  Plaintiff, Ronald Vorel, has
opposed the motion and Defendant has replied.  Upon a review of
the pleadings and applicable case law, the Court determines that
no hearing is necessary (Local Rule 105.6) and that Defendant's
motion will be granted.

**I.   FACTS AND PROCEDURAL BACKGROUND**

Plaintiff filed this action pursuant to Title VII of the
Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Title VII),
alleging that he was fired because he was Jewish.[1]  Plaintiff was
hired on November 1, 2004, to be the Director of the Housekeeping
Department of the Hunt Valley Marriott.[2]  Soon after he was
hired, Plaintiff took an extended leave of absence because of a
hospitalization.  Representing that they were unable to hold his

---

[1]  Title VII provides, in relevant part, that it "shall be
an unlawful employment practice for an employer to fail or refuse
to hire or to discharge any individual, or otherwise discriminate
against any individual with respect to his compensation, terms,
conditions, or privileges of employment because of such
individual's race, color, religion, sex, or national origin."  42
U.S.C. § 2000e-2(a)(1).

[2]  Defendant Merritt Hospitality, LLC, is an independent
management company which oversees Marriott's Hunt Valley Inn.

job open during his extended absence, Defendant terminated

Plaintiff on December 28, 2004.

Plaintiff maintains that, long after his firing, he obtained

information revealing the true reason for his termination.

Plaintiff alleges he received a copy of a letter which originally

had been sent from the Human Resources Director at the Hunt

Valley Marriott to the General Manager at the hotel which

suggested that the General Manager only fired Plaintiff because

of his religion.  Plaintiff maintains the letter read "it was

you, [the General Manager], who wanted [Plaintiff] until you

found out what he was and I will not lose my position for some

jew . . . His legal counsel is not of his kind so we have a

chance."  Compl. ¶ 7.  While Plaintiff does not provide the exact

date he received a copy of the letter, he contacted the Equal

Employment Opportunity Commission ("EEOC") on April 8, 2006, and

filled out a "Charge Information Questionnaire" naming the "Hunt

Valley Marriott/Merritt Hospitality, LLC" as the respondent.  He

subsequently filed a "Charge of Discrimination" on or about July

17, 2006.

In response to Plaintiff's filing, the EEOC issued him a

right-to-sue letter on August 4, 2006, which improperly named

"Marriott International" as the respondent.  The letter was

corrected in February 2007 and backdated to the original date.

Plaintiff filed a previous lawsuit in this Court on October 26,

2006, Civil Action No. WMN-06-2822, raising the same allegations

raised in the instant suit.  He voluntarily dismissed that

action, however, on December 13, 2006.  Plaintiff then filed this

suit on March 16, 2007.

In the instant motion, Defendant argues that Plaintiff's

lawsuit should be dismissed because he failed to exhaust his

administrative remedies as required under Title VII.  Defendant

maintains that Plaintiff had 300 days from the date of his firing

to file an administrative charge with the EEOC and, because he

did not do so, his claim is time-barred.[3]

## II.  STANDARD OF LAW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)[4]

should be granted if it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would

entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46

(1957).  Upon review of a motion to dismiss for failure to state

a claim, the court must assume the truth of all well-pleaded

facts and allegations in the complaint, as well as all inferences

that can be reasonably drawn from them in the light most

---

[3]   Defendant also argues that Plaintiff failed to file his
Complaint in this Court within 90 days of receipt of his "right-
to-sue" letter as required under 42 U.S.C. § 2000e-5(f)(1).
Because the Court finds Plaintiff failed to file his charge with
the EEOC in a timely matter, it need not reach this second
independent argument for dismissal.

[4]   While some courts, including this one, have treated
motions to dismiss for failure to exhaust administrative remedies
as motions governed by Fed. R. Civ. P. 12(b)(1) for lack of
subject matter jurisdiction, the more recent trend is to treat
such motions as motions pursuant to Fed. R. Civ. P. 12(b)(6).
See Brown v. McKesson Bioservices Corp., Civ. No. 05-0730, 2006
WL 616021 at *3-4 (D. Md. March 10, 2006); Lorenzo v. Rumsfeld,
456 F. Supp. 2d 731, 732 n.1 (E. D. Va. 2006).

favorable to the plaintiff.  <u>Ibarra v. United States</u>, 120 F.3d

472, 474 (4th Cir. 1993).  The Court does not, however, accept as

true unwarranted inferences, unreasonable conclusions, arguments,

or legal conclusions drawn from the facts.  <u>Eastern Shore Mkts.,</u>

<u>Inc. v. J.D. Associates Ltd. P'ship</u>, 213 F.3d 175, 180 (4th Cir.

2000).  The Court should award dismissal if the allegations and

permissible inferences, if true, are not sufficient to allege a

claim which would entitle the plaintiff to relief.  <u>Id.</u>

     If, on a motion to dismiss made pursuant to Fed. R. Civ. P.

12(b)(6), matters outside the pleadings are presented to and not

excluded by the court, the motion shall be treated as one for

summary judgment and should be disposed of as provided in Rule 56

of the Federal Rules of Civil Procedure, with all parties having

a reasonable opportunity to present material pertinent to the

motion.  <u>Gay v. Wall</u>, 761 F.2d 175, 177 (4th Cir. 1985); <u>McGrath-</u>

<u>Malott v. Maryland</u>, Civ. No. 06-879, 2007 WL 609909 at *3 (D. Md.

Feb. 23, 2007) (citing <u>Talbot v. U.S. Foodservice, Inc.</u>, 191 F.

Supp. 2d 637, 639 (D. Md. 2002)).  The Fourth Circuit has

recognized an exception, however, such that "when a defendant

attaches a document to its motion to dismiss, a court may

consider it in determining whether to dismiss the complaint if it

was integral to and explicitly relied on in the complaint and if

the plaintiff[] do[es] not challenge its authenticity."  <u>McGrath-</u>

<u>Mallott</u>, 2007 WL 609909, at *3 (citing <u>Am. Chiropractice v.</u>

<u>Trigon Healthcare</u>, 367 F.3d 212, 234 (4th Cir. 2004)); <u>Lorenzo</u>,

456 F. Supp. 2d at 734 ("[w]here . . . [a] plaintiff's judicial

complaint relies on informal and formal administrative

complaints, these documents may be considered in ruling on a

motion to dismiss without converting the Rule 12(b)(6) motion

into a Rule 56 motion.").

Here, the exhibits submitted by Defendant with its motion

are documents related to the proceedings before the EEOC.  In the

Complaint, Plaintiff references and relies upon these documents

in explaining why he did not meet the initial 300-day limitations

period.  Thus, the Court can consider such attachments without

converting the motion to one for summary judgment.

**III. DISCUSSION**

Before a plaintiff can file a lawsuit under Title VII, he

must exhaust his administrative remedies by filing a charge with

the EEOC.  Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124,

132 (4th Cir. 2002) (citing Smith v. First Union Nat'l Bank, 202

F.3d 234, 237 (4th Cir. 2000)); Sloop v. Memorial Mission Hosp.,

Inc., 198 F.3d 147, 148 (4th Cir. 1999).  Title VII establishes

two potential limitations periods within which a discrimination

charge must be filed with the EEOC.  42 U.S.C. § 2000e-5(e)(1).

The basic limitations period for filing a charge with the EEOC is

180 days but the time period is extended in a "deferral state" -

a state which has both a law prohibiting the unlawful employment

practice alleged and a state or local agency authorized to grant

or seek relief from the practice.  Id.  Maryland is a "deferral

state" and, therefore, the 300-day limitations period applies to

Plaintiff's Title VII claim.  See E.E.O.C. v. R&R Ventures, 244

5

F.3d 334, 338 (4th Cir. 2001).

In this action, Plaintiff alleges facts which clearly show that he did not file his complaint within the 300-day window.  He asserts that he was fired on December 28, 2004.  Therefore, any charges filed with the EEOC after October 14, 2005 are time-barred.  The record showed that Plaintiff did not contact the EEOC until April 8, 2006, and did not file a formal charge until July 17, 2006.  Under these facts, Plaintiff failed to properly exhaust the administrative remedies required by Title VII.

Plaintiff's failure to exhaust the required remedies does not, however, deprive the court of subject matter jurisdiction and a plaintiff can still file a complaint in federal court if he can prove that the limitations period should be tolled.  Edelman v. Lynchburg College, 228 F.3d 503, 511 (4th Cir. 2000), rev'd on other grounds, 535 U.S. 106 (2002); see also Zipes v. TransWorld Airlines, Inc., 455 U.S. 385, 398 (1982) ("[By allowing the filing] requirement [to be] subject to waiver as well as tolling when equity so requires, we honor the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement, to give prompt notice to the employer.").  Courts have applied the doctrine of equitable tolling, however, in very limited circumstances: "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  Irwin v. Dept. of Veterans

<u>Affairs</u>, 498 U.S. 89, 96 (1990); <u>see also</u> <u>Glus v. Brooklyn</u>
<u>Eastern Dist. Terminal</u>, 359 U.S. 231, 232 (1959) (holding that
the limitations period could be tolled if plaintiff could show
that defendant's agents induced delay by misrepresenting to
plaintiff that he had seven years to bring suit).  Here,
Plaintiff offers no facts to support the conclusion that this
case falls within this narrow doctrine.

While Plaintiff identifies equitable tolling as the theory
which would enable him to bring suit despite the 300-day
limitations period, his argument more accurately advances a
"discovery rule" theory, <u>i.e.</u>, that the limitations period should
not begin to run until the date Plaintiff first discovers that
discrimination was the reason for his termination.  He alleges in
the Complaint that

> the employer wrongfully attempted to
> deceive[] and mislead Mr. Vorel as to the
> reason for his firing.  As a result, the time
> for Mr. Vorel to file his charge of
> employment discrimination with the U.S. Equal
> Employment Opportunity Commission was
> equitably tolled.  Mr. Vorel filed his charge
> against the defendant within 300 days <u>of the</u>
> <u>date he first learned that his religion was</u>
> <u>the reason for his firing</u>.

Compl. ¶ 6 (emphasis added).

Courts have consistently rejected the "discovery rule" in
discrimination cases, however, and have held that the statute of
limitations begins to run when the alleged wrongful conduct
occurs, not when the aggrieved party first learns of the reason
for the adverse employment action.  <u>See, e.g.</u>, <u>Hamilton v. 1st</u>
<u>Source Bank</u>, 928 F.2d 86, 88 (4th Cir. 1990) (en banc) ("it is

notice of the employer's actions, not the notice of a
discriminatory effect or motivation, that establishes the
commencement of the pertinent filing period"); Cuddy v. Wal-Mart
Super Center, Inc., 993 F. Supp. 962, 965 (W.D. Va. 1998) ("In
[the Fourth Circuit], there is no 'discovery rule' applicable to
the ADEA statute of limitations, and thus the time period may run
before the charging party finds any proof of discrimination").
The relevant provision of Title VII provides that a charge should
be filed "within three hundred days after the date the alleged
unlawful employment practice occurred."  42 U.S.C. § 2000e-
5(e)(1).  As the Fourth Circuit has noted, when Congress intends
for a discovery rule to apply, it indicates so in the statutory
language.  Hamilton, 928 F.2d at 88; see, e.g., 41 U.S.C. § 55(b)
(filing period runs from "the date on which the United States
first knew or should reasonably have known that the prohibited
conduct had occurred").  Lack of knowledge of the discriminatory
nature of an employment decision and the reasons for the lack of
that knowledge play no part in determining the beginning of the
statutory period.  Felty v. Graves-Humphreys Co., 785 F.2d 516,
519 (4th Cir. 1986).

Here, there is no dispute that the alleged discriminatory
conduct took place on December 28, 2004, and it is on that date
that the 300 day period commenced.  Accordingly, Plaintiff's EEOC
charge was untimely.

## IV.   CONCLUSION

For the reasons stated above, Defendants' motion to dismiss

will be granted.  A separate order consistent with this

Memorandum will follow.


                                   _____/s/_____
                                   William M. Nickerson
                                   Senior United States District Judge

Dated: August 7, 2007